## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **MARY JO BECK** <br> **JAMES BECK** | **CIVIL ACTION NO. 07-1998** |
| **VERSUS** | **JUDGE MINALDI** |
| **STATE FARM FIRE & CASUALTY CO** <br> **LOUISIANA CITIZENS PROPERTY INS. CO.** <br> **CITY OF LAKE CHARLES** <br> **GENERAL INS. CO. OF AMERICA** | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION ON MOTION TO REMAND*
*(Rec. Doc. 14)*

Before the court is the motion to remand filed by plaintiffs. Defendants State Farm Fire & Casualty Company and General Insurance Company of America oppose the motion.[1]

*Background*

Plaintiffs owned five properties that were damaged by Hurricane Rita in 2005. The properties and insurers, are as follows:

1) 4308 Evangeline St., Lake Charles, La., insured by State Farm.
2) 1419 N. Greenfield Circle, Lake Charles, La., insured by State Farm.
3) 1320 E. Ford Street, Lake Charles, insured by Louisiana Citizens Property Insurance Company (LCPIC).
4) 609 Alamo St., Lake Charles, insured by General Insurance Company of America (GICA).
5) 509 W. Sallier St., Lake Charles, La., insured by American Bankers Insurance Company of Florida/American Security Insurance Company/American Reliable Insurance Company.

On September 25, 2007, plaintiffs filed a single suit against the foregoing insurance companies in the 14th Judicial District Court, Calcasieu Parish, claiming that their adjustment of

---

[1] Rec. Doc. 24 and 28.

2

plaintiffs' property damage claims were unreasonably low.[2] Plaintiffs also sued the City of Lake Charles due to its demolition of the property located at 1320 E. Ford Street.

On November 20, 2007, GICA removed the case to this court, alleging diversity jurisdiction. On March 17, 2008, Judge Minaldi granted a joint motion to voluntarily dismiss defendants American Security Insurance Company, American Reliable Insurance Company, and American Bankers Insurance Company of Florida.[3] Thus, the remaining defendants are GICA and State Farm, which are foreign corporations, and LCPIC and the City of Lake Charles, which are Louisiana defendants.

Plaintiffs filed the instant motion to remand, arguing that the court lacks subject matter jurisdiction because of lack of diversity between plaintiffs and the Louisiana defendants. State Farm and GICA oppose the motion, maintaining that plaintiffs improperly joined the Louisiana defendants.[4]

### *Legal Analysis*

A party may remove an action to federal court if there is subject matter jurisdiction. 28 U.S.C. §1441(a). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. Manguno v. Prudential Property & Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Whether jurisdiction is present for removal purposes is dependent upon the claims in the state court petition as they existed at the time of removal. Id. The

---

[2] Rec. Doc. 1-2.

[3] Rec. Doc. 34. The parties state that, "All issues in the captioned litigation between these parties have been resolved, and there is no reason to delay the dismissal of this action insofar as it concerns the Assurant Companies."

[4] Rec. Doc. 37.

3

removal statute is to be strictly construed in favor of remand, and any ambiguities are construed against removal. Id.

*Defendants' Consent to Removal*

Plaintiffs argue that the case should be remanded because GICA, the removing party, did not obtain the consent of all defendants prior to removal.

Removal requires the consent of all co-defendants; it is unnecessary, however, to obtain the consent of an improperly joined defendant. Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 2003).

In this case, consent for removal was not required from LPCIC and the City of Lake Charles because GICA alleges they were improperly joined. With respect to State Farm, consent may be inferred from the fact that State Farm filed its own Notice of Removal.[5] The remaining defendants have been dismissed from the case.

For the foregoing reasons, the undersigned concludes that the Notice of Removal was not procedurally deficient for lack of consent.

*Diversity of Citizenship*

Plaintiffs also seek remand on grounds that this court lacks subject matter jurisdiction - i.e. that there is no diversity between the parties. Here, there is no dispute that two of the defendants are non-diverse.[6]

---

[5] Civil Action No. 07-2027 Rec. Doc. 1.

[6] Diversity jurisdiction requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000. 28 U.S.C. §1332(a)(1). The parties do not dispute that the amount in controversy exists because plaintiffs seek property damages, penalties, and attorneys' fees.

4

When the face of the complaint demonstrates that complete diversity does not exist, the removing defendant "bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 574 (5th Cir. 2004). In determining whether the joinder was proper, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id. at 573.

The Fifth Circuit has expressly recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. Neither of these are applicable to the instant case. Rather, defendants assert that removal was appropriate because of a third type of improper joinder called "misjoinder."

Fraudulent misjoinder was first articulated by the Eleventh Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds*, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The Tapscott court explained:

> Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.... We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder. We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.

Id. at 1360.[7]

The Fifth Circuit appears to have adopted the Tapscott concept of fraudulent misjoinder. Smith v. Rotorcraft Leasing Co., L.L.C., 2007 WL 135873 (W.D.La. 2007). In In re Benjamin Moore & Co., 309 F.3d 296 (5th Cir. 2002), the Fifth Circuit stated, "[I]t might be concluded that

---

[7] Internal quotes and citation omitted.

5

misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction. *See Tapscott id.*" In a second opinion in In re Benjamin Moore & Co., 318 F.3d 626, 630-631 (5th Cir. 2002), the court stated, "Thus, without detracting from the force of the Tapscott principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case."

Additionally, in Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, (5th Cir. 2006), the Fifth Circuit noted:

> A party, however, can be improperly joined without being fraudulently joined. Under federal law, defendants are properly joined if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). Texas has adopted the same requirements for proper joinder. See Tex.R. Civ. P. 40(a). If these requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants.

Id. at 533, *citing* Tapscott.  The court went on to conclude that:

> The fraudulent joinder exception to the voluntary-involuntary rule[8] is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined. We therefore conclude that removal on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule.

The Fifth Circuit's recognition of fraudulent misjoinder has been relied upon by district courts in resolving joinder issues.  *See* Smith v. Rotorcraft Leasing Co., L.L.C., 2007 WL 135873 (W.D.La. 2007); Murphy Construction Co v. St. Bernard Parish, 2007 WL 442231 (E.D.La. 2007); Accardo v. Lafayette Ins. Co., 2007 WL 325368 (E.D. La. 2007).  These courts

---

[8] Whereby "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." Id. *citing* Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir.1967).

6

considered whether the parties were misjoined in determining whether to sever and remand the claims against the non-diverse parties. The undersigned notes that, although this court previously adopted the recommendation of a magistrate judge to remand a case involving possible misjoinder and allow the state court to determine the severance issue,[9] it appears that the interests of judicial economy are readily served by addressing the misjoinder and severance by the federal court.

In reviewing a claim of misjoinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." <u>Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.</u>, 99 F.3d 746, 751 (5th Cir. 1996). The Louisiana joinder rule is La.C.Civ.Proc Art. 463, which states in pertinent part:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

Community of interest is "the parties' causes of actions 'arising out of the same facts, or presenting the same factual and legal issues.'" <u>Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport</u>, 309 So.2d 144, 147 (La. 1975); *see also* <u>Mauberret-Lavie v. Lavie</u>, 850 So.2d 1, 2 (La.Ct.App.2003), *writ denied*, 861 So.2d 569 (La.2003)("community of interest

---

[9] *See* <u>Griffith v. Louisiana Citizens Coastal Plan</u>, 2:06CV2145 and <u>Booth v. Louisiana Citizens Coastal Plan</u>, 2:06CV2149.

7

is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together.").

Here, plaintiffs have joined in a single suit claims involving five distinct properties. The properties were insured by different carriers and are situated in different locations in Lake Charles. The only common thread linking these claims is that all five properties were damaged during Hurricane Rita. This fact situation does not satisfy the requirement of "community of interest between the parties joined" under La.C.Civ.Proc Art. 463.

Despite having notice of the allegation of improper joinder in the Notice of Removal, oppositions to the motion to remand, and pending motion to sever, plaintiffs fail to present any facts establishing a commonality among the claims. The suit contains five separate causes of action, and the complete lack of factual overlap between the claims constitutes egregious misjoinder.

For the foregoing reasons, the undersigned concludes that the presence of the non-diverse defendants does not defeat subject matter jurisdiction. Tapscott, supra.

*Severance*

On December 18, 2007, GICA filed a motion to sever the claims against the defendants.[10] Plaintiffs filed an opposition maintaining that severance is not appropriate in federal court, but rather the case should be remanded to state court for the severance determination.[11] In its opposition to the motion to remand, State Farm acknowledges that the claims against it are separable from the claims of the co-defendants.

---

[10] Rec. Doc. 13.

[11] Rec. Doc. 23.

8

Rule 21 of Fed.R.Civ.P. allows the court to drop or sever claims against misjoined parties. Although the motion to sever is pending before the district judge, the foregoing analysis shows that plaintiffs' claims were improperly joined. In an effort to streamline and efficiently handle these procedural issues, the following recommendations are made.

It is **RECOMMENDED** that plaintiffs' claims be severed, and that the claims against the non-diverse defendants be remanded as follows:

1) the claim against State Farm regarding 4308 Evangeline St. be severed and docketed under a separate Civil Action Number;

2) the claim against State Farm regarding 1419 N.Greenfield Circle. be severed and docketed under a separate Civil Action Number;

3) the claim against GICA regarding 609 Alamo St., Lake Charles remain docketed in this Civil Action Number;

4) the claims against LCPIC and the City of Lake Charles be remanded to the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

9

**conclusions accepted by the District Court, except upon grounds of plain error. See**

**<u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

    Signed at Lafayette, Louisiana, on March 26, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)