U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARY JO AND JAMES BECK** | : | **DOCKET NO. 2:07 CV 1998** |
| **VS.** | : | **JUDGE MINALDI** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Presently before the court is a Motion to Dismiss [doc. 15] filed by the defendant, General Insurance Company of America ("GICA"), named as Safeco Insurance Company of America in the complaint. For the reasons stated herein, IT IS ORDERED that the motion is DENIED.

Facts

This matter is a Hurricane Rita claim. At the time of the occurrence, plaintiffs, Mary Jo and James Beck, had taken a mortgage on their property located at 609 ½ Alamo Street, Lake Charles, Louisiana, with First Federal Bank of Louisiana ("First Federal"). First Federal had in effect a Portfolio Security Policy issued by GICA, no. MIH7710514B, to protect its security interest in the properties subject to the mortgage, for cases such as this where the plaintiff-borrower fails to maintain homeowners' insurance on his property.[1]

First Federal Bank of Louisiana is the only insured on the Declaration page of the policy. This "forced-placement" policy insures First Federal's interest in the dwelling. GICA argues that the plaintiffs are neither an insured nor additional insured under the policy.

---

[1]     A certified copy of the policy is attached to GICA's motion as Exhibit "A".

GICA submits that a plaintiff-borrower has no standing under forced-placed policies to bring claims against GICA as the plaintiffs are not a party to any insurance contract with GICA and because the plaintiffs are not a direct or third-party beneficiary of the insurance contract. Without the requisite standing, plaintiffs cannot assert claims against Defendant for breach of contract, violations of Louisiana insurance statutes, namely La. R.S. 22:658 and 22:1220, or any other cause of action contained within the Complaint.

Rule 12(b)(1) Standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) (per curiam). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a

determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998).

Rule 12(b)(6) Standard

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider only the allegations made in the complaint, documents attached to

the complaint, documents incorporated into the complaint by reference, and any facts of which

judicial notice may be taken. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660,

662 (2d Cir.1996); *Brass v. Amer. Film Techn., Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

## Analysis

GICA argues that the plaintiffs' complaint must be dismissed for a lack of standing pursuant

to Fed. R. Civ. P. 12(b)(1). GICA further argues that the Becks' complaint should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) as the Becks can prove no set of facts in support of the claim that

would entitle them to relief. Based upon the policy issued to First Federal on the Beck's Alamo

Street property, the court disagrees.

Crucial to this holding is our sister court's opinion in *Peters v. Safeco General Insurance of*

*America*, 2008 WL 544226 (E.D. La.). The policy language of *Peters* is identical to the policy

language in the case at bar:

"Definitions

Throughout the policy, 'you' and 'your' refer to the Named Insured Mortgagee
shown in the Declarations.

\*\*\*\*

'Borrower' means the mortgagor or mortgagors of an 'insured location' indebted by
a mortgage held or serviced by you. As used in this policy, 'borrower' applies to the
'insured location' on which the 'borrower' is the mortgagor."

Likewise, the "Loss Payment" language (¶15, p. 10) of the policy in this suit is identical to

the Loss Payment language of the policy in *Peters:*

**15. Loss Payment**

A. All losses except losses under Coverage 1F-Personal Property:

We will adjust all losses with you. We will pay you but in no event more than the
amount of your interest in the "insured location." Amounts payable in excess of your
interest will be paid to the "borrower" unless some other person is named by the

4

"borrower" to receive payment. Loss will be payable 30 days after we receive your proof of loss and:

(1) reach agreement with you;

(2) there is an entry of final judgment; or

(3) there is a filing of an appraisal award with us.

B. Losses under Coverage 1F-Personal Property:

We will adjust all losses with the "borrower." We will pay the borrower unless some other person is named by the "borrower" to receive payment. Loss will be payable 30 days after we receive the "borrower's" proof of loss and:

(1) reach agreement with the "borrower";

(2) there is an entry of final judgment; or

(3) there is a filing of an appraisal award with us.

The court in *Peters* reasoned that:

> In the absence of contrary evidence or controlling legal authority, the court, given the preceding tpolicy language, cannot conclude, as a matter of law, that plaintiff, the 'borrower,' has no standing to seek payment from defendant of any amounts payable in excess of [the mortgagee's] secured interest in the insured property . . . On the other hand, given the materially different policy language at issue, the court finds *Lea v. Balboa* . . . and *Kilson v. American Road Ins. Co.*, 345 So.2d 967, 969 (La.App. 2 Cir. 1977), cited by defendant, Inapposite."

This court concurs with the court's reasoning in *Peters*. Throughout the subject policy, there are

obligations placed on the borrower [the plaintiffs] and there are situations described in the policy in

which payment to the borrowers may be made. Accordingly, the Becks have standing and they

have stated a claim to relief that is plausible on its face.

Lake Charles, Louisiana, this ⟍𝟝⟍ day of August, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE